Per Curiam.
It seems that Johnson Silverberg, in his lifetime, was a member of two mercantile firms. After his death his partners administered, and settled up the administration accounts. Searles, as a member of the partnership, assigned, as it is alleged, a large amount of notes and accounts to Moore, for the benefit of creditors, and this proceeding' was instituted by Scott, as the administrator de bonis non, to compel Searles and Moore to account for the effects. After the defendants answered the petition, the plaintiff moved the probate court for an order on Searles and Moore, to compel them to deliver up the books,' and-.other evidences of debts due the firm of J. Silverberg & Co., and to appoint a receiver, which motion the court sustained.
The court had no jurisdiction either over the subject-matter or the persons. Moore was a mere trustee, and Searles was entitled to control the effects of the firm as surviving partner. This is not an appropriate remedy for an administrator, in reference to partnership effects. But even if the subject-matter and the persons had been subject to the jurisdiction of the court, it has no power to appoint a receiver in any case; and much less in such a case as this. The probate courts may, in certain cases, appoint administrators ad colligendum, but a receiver is quite a different officer. The court had no power to appoint an administrator ad colligendum in this case, because there was an administrator in chief.
Judgment reversed.